**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>TONY JAMES BELCOURT,<br>HAILEY LEE BELCOURT, SHAD<br>JAMES HUSTON, K&N<br>CONSULTING, LLC, and TMP<br>SERVICES, LLC,<br>　　　　　　Defendants. | **CR 13-98-GF-BMM<br>CR 14-46-GF-BMM<br>CR 14-47-GF-BMM<br>CR 15-35-GF-BMM<br>CR 15-42-GF-BMM<br><br>ORDER** |

## I. SYNOPSIS

Five separate indictments of Shad Huston are currently pending before the court. (CR 13-98-GF-BMM, Doc. 1; CR 14-46-GF-BMM, Doc. 1; CR 14-47-GF-BMM, Doc. 1; CR 15-35-GF-BMM, Doc. 1; CR 15-42-GF-BMM, Doc. 1.) The Court has received multiple motions *in limine* from defendant Shad Huston. Huston has filed a Motion *in limine* regarding uncharged conduct, immunized

information and withdrawn admissions on April, 4, 2015 in Case Numbers CR 13-98-GF-BMM (Doc. 413), CR 14-46-GF-BMM (Doc. 88), and CR 14-47-GF-BMM (Doc. 132).

Huston moves the Court to preclude the Government from engaging in certain tactics during trial. (CR 13-98-GF-BMM, Doc. 413 at 1). Specifically, Huston asks the Court to exclude evidence based on the government's use or derivative use of statements that Huston made under an informal grant of immunity. (*Id.* at 8-12.) Huston also moves this Court to preclude the Government from using evidence of other acts not charged in the indictment for either substantive or impeachment purposes. (*Id.* at 13-15.)

Huston also filed a motion to dismiss the indictments in CR 15-35-GF-BMM (Doc. 14) and CR 15-42-GF-BMM (Doc. 8) on the basis that the Government had obtained the indictments through the use of immunized information. Huston moved on September 15, 2015, to change his plea in CR 14-46-GF-BMM. (CR 14-46-GF-BMM , Doc. 161.) A change of plea hearing has been scheduled for September 17, 2015. (CR 14-46-GF-BMM, Doc. 162.)

The Government does not contest that Defendant has provided statements in debriefing and in open court. (CR 13-98-GF-BMM, Doc. 444 at 2.) The Government has agreed not to use statements that were immunized under Federal Rule of Evidence 410 and U.S.S.G § 1B1.8. *Id.* The Government has argued,

however, that it may use evidence obtained from an independent source. *Id.* The Government has argued that evidence of uncharged conduct should be admissible at trial as being inextricably intertwined with the charged offense. (Doc. 122 at 11). If Huston chooses to take the stand, the Government has argued that evidence of uncharged conduct should be admissible to attack Huston's credibility. (Doc. 122 at 11-15).

## II. DISCUSSION

### A. Immunized Statements

Federal prosecutors are prohibited from using immunized statements against a defendant at trial. *Kastigar v. United States*, 406 U.S. 441 (1972); *New Jersey v. Portash*, 440 U.S. 450, 460 (1979). "This total prohibition on use provides a comprehensive safeguard, barring the use of compelled testimony as an investigatory lead, and also barring the use of any evidence obtained by focusing investigation on a witness as a result of his compelled disclosures." *Kastigar*, 406 U.S. at 460. (internal quotation marks and citation omitted). The grant of immunity creates a situation similar to that where a witness has asserted his Fifth Amendment privilege not to testify. *Kastigar*, 406 U.S. at 458-59.

Accordingly, to prosecute a defendant who has made immunized statements, the Government bears the "heavy burden" of proving that it acquired the evidence that it has used or plans to use from an independent and legitimate source.

*Kastigar*, 406 U.S. at 460; *U.S. v. Dudden*, 65 F.3d 1461, 1468 (9th Cir. 1995).

"The *Kastigar* burden is 'heavy' not because of the evidentiary standard, but because of the constitutional standard: the government has to meet its proof only by a preponderance of the evidence, but failure to meet that standard must result in an exclusion of the testimony." *United States v. Montoya*, 45 F.3d 1286, 1292. Furthermore, the Government possesses an affirmative duty; it must present evidence of independent sources and cannot rely merely on good faith allegations. *Kastigar*, 406 U.S. at 460; *Montoya*, 45 F.3d at 1292; *United States v. Mapelli*, 971 F.2d 284, 288 (9th Cir. 1992).

The Government can satisfy its burden through affidavits or the Court can hold a *Kastigar* hearing. *United States v. Zielezinski*, 740 F.2d 727, 732-33 (9th Cir. 1984); *Dudden*, 65 F.3d at 1468. The Court can hold a *Kastigar* hearing even when the government provided the grant of immunity through an informal immunity agreement. *Dudden*, 65 F.3d at 1469.

The Ninth Circuit has not set forth what specific evidence the Government must bring forward. The Government's burden typically varies from case to case. *United States v. Danielson*, 325 F.3d 1054 (9th Cir. 2003). The Government met its burden in *United States v. Crowson*, 828 F.2d 1429 (9th Cir. 1987), by presenting affidavits and grand jury testimony from prosecuting attorneys and special agents involved in the case. The affidavits identified that at least one prior

independent source existed for the substantive immunized statements provided by the defendant. *Id.* The Government provided all documents that established prior, independent sources to the defense counsel. *Id.*

Similarly, in *United States v. Whitmore*, 35 Fed. Appx. 307, 324 (9th Cir. 2002), the Government met its burden by providing affidavits that listed its evidence and the independent sources of that evidence. The affidavits explained that the Government derived the evidence from separate investigations that occurred before the defendant had been approached. *Id.* Likewise, in *United States v. Montoya*, 45 F.3d at 1293, agents involved in the investigation of the defendant provided declarations that described independent sources of information that the Government obtained before the defendant's investigation.

The allegations warranted a pretrial *Kastigar* hearing in this case. The Court conducted a consolidated hearing that addressed the *Kastigar* issue in all five cases on September 15, 2015. (CR 13-98-GF-BMM, Doc. 506.) Huston cited 12 pieces of evidence that he alleged that the Government had derived from his immunized interview. (CR 13-98-GF-BMM, Doc. 414 at 2-4). The Government contended that it had obtained this evidence from a legitimate source independent of Huston's interview. (CR 13-98-GF-BMM, Doc. 444 at 4.) The Government addressed each of the 12 issues presented by Huston at the hearing. The Government also submitted exhibits that detailed the investigation and provided at least one

independent source for each immunized statement provided by the Huston. (CR 13-98-GF-BMM Doc. 506.)

Agent Joseph Waller testified on behalf of the Government. He provided a detailed account of the Government's investigation of Huston that included multiple independent sources from Huston's immunized interview.

The Court has reviewed the sources of the Government's extensive and comprehensive evidence regarding Huston's five indictments. The Court also has reviewed Huston's interview transcripts. Huston submitted those transcripts as exhibits in CR 15-35-GF-BMM (Doc. 17) and CR 15-42-GF-BMM (Doc. 11). The evidence presented shows the Government identified legitimate sources for the evidence that stood independent from Huston's immunized interviews. The Government's extensive investigation included multiple interviews of persons involved with Huston. The Government presented grand jury subpoenas that provided multiple independent avenues to obtain information regarding the conduct charged in Huston's indictments.

## B. Uncharged Conduct

Evidence of a crime, wrong, or other act is not admissible to prove a person's character to show that on a particular occasion the person acted in accordance with the character. Fed. R. Evid. 404(b)(1). Evidence of "other acts" that is "inextricably intertwined" with a charged offense, however, is

independently admissible and exempt from the requirements of Rule 404(b). *U.S. v. Anderson*, 741 F.3d 938, 949 (9th Cir. 2013) cert. denied, 134 S. Ct. 1562 (2014). The Ninth Circuit in *Anderson* explained that Rule 404(b) does not apply when "when offenses committed as part of a single criminal episode become 'other acts' simply because the defendant is indicted for less than all of his actions." *Id.* A transaction "far removed in time" from the charged transaction, however, remains inadmissible as it cannot be considered part of the criminal episode. *Id* (citing *United States v. DeGeorge*, 380 F.3d 1203, 1220 (9th Cir. 2004).

Evidence necessary to offer a "coherent and comprehensible story regarding the commission of a crime" also may be admitted. *Anderson*, 741 F.3d at 949. The Ninth Circuit has admitted evidence that demonstrates the sophistication of the operation to show that it was more likely that the defendant knew that his conduct was illegal. *Id.* Courts have recognized in conspiracy cases the Government's broad ability to submit proof on the full scope of the conspiracy. *U.S. v. Rizk*, 660 F.3d 1125, 1131 (9th Cir. 2011). The Government's proof is not limited to the overt acts alleged in the indictment. *Id.*

The Government did not specifically charge some of Huston's conduct in the indictments. Huston has argued that evidence of these "other acts" should not be admissible. (CR 13-98-GF-BMM, Doc. 414 at 13-15.) The Government may introduce evidence related to the conspiracy in order to tell a clear and

comprehensive story to the jury, regardless of whether the Government specifically charged the conduct in the indictments. The Government alleges that Huston was involved in a money laundering conspiracy on the Rocky Boy Indian Reservation that spanned several years and involved numerous organizations and people. (CR 13-98-GF-BMM Doc. 444 at 12). As part of the scheme, Huston, along with tribal officials, allegedly authorized and transferred fraudulent payments. *Id.* The Government has alleged that Huston received personal enrichment in return for those fraudulent payments. *Id.* It seems reasonably necessary in order to tell the jury a clear and comprehensive story to allow the Government to present evidence of the full scope of the conspiracy that may include evidence not charged specifically in Huston's indictments. This evidence may include information regarding payments by the Chippewa Cree Construction Corporation to K & N Consulting, payments of extorted kickbacks on lease payments made to Tilleman Motors, and Bruce Sunchild's receipt of a suburban.

### C. Impeachment Evidence

Extrinsic evidence that is probative for truthfulness or untruthfulness may be used on cross-examination to prove specific instances of a witness's conduct to attack or support the witness's character for truthfulness. Fed. R. Evid. 608(b). Similar to any other witness, the defendant makes his character an issue when he takes the stand and becomes subject to cross examination impeaching his

credibility. *Portuonodo v. Agard*, 529 U.S. 61, 70 (2000); *U.S. v. Tomblin*, 46 F.3d 1369, 1388 (5th Cir. 1995).

The Government may not use statements made in plea negotiations for impeachment purposes. *U.S. v. Lawson*, 683 F.2d 688, 693. Evidence obtained independent of plea negotiations that directly bear on the defendant's credibility, however, may be used to impeach the defendant on cross-examination. Fed. R. Evid. 608(b); *United States v. Leake*, 642 F.2d 715, 718 (4th Cir. 1981); *United States v. Reid*, 634 F.2d 469, 473 (9th Cir. 1980). The Government has agreed that it will use no statements made during plea negotiations or in an immunized interviews in its case in chief or to impeach Huston. (CR 13-98-GF-BMM Doc. 444 at 2). If Huston chooses to take the stand, however, the Government may test his credibility within the limits of Rules of Evidence 410 and 608.

**IT IS HEREBY ORDERED** the defendant Shad Huston's Motion *In Limine* Regarding Uncharged Conduct, Immunized Information, and Withdrawn Admissions (CR 13-98-GF-BMM, Doc. 413; CR 14-46-GF-BMM, Doc. 88; CR 14-47-GF-BMM, Doc. 132) is DENIED, and defendant Shad Huston's Motion to Dismiss Indictments Obtained Through the Use of Immunized Information (CR 15-35-GF-BMM, Doc. 14; CR 15-42-GF-BMM Doc. 8) is DENIED.

DATED this 23rd day of September, 2015.


Brian Morris
United States District Court Judge